# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NCR CORPORATION,

       Plaintiff,                  :           Case No. 3:04-cv-407

    -vs-                                 Magistrate Judge Michael R. Merz

                             :

KORALA ASSOCIATES LTD.,

       Defendant.

**DECISION AND ORDER**

This case is before the Court on Defendant's Motion to Dismiss on the Ground of *Forum Non Conveniens* (Doc. No. 59). Plaintiff opposes the Motion (Doc. No. 62) and Defendant has filed a Reply in support (Doc. No. 64).

The standards for dismissing an action on grounds of *forum non conveniens* are established by the Supreme Court's decisions in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), as followed by the Sixth Circuit in *Stewart v. Dow Chemical Co.,* 865 F.2d 103 (6th Cir. 1989). To prevail on a motion to dismiss on *forum non conveniens* grounds, a defendant must show that there is an available alternative forum. Then the trial court must weigh the relative convenience of the forum chosen by the plaintiff as compared to the available alternative both in terms of the private interests of the litigants and the public interests involved. Relevant private interests are relative ease of access to sources of proof, the availability of compulsory process to obtain the attendance of unwilling witnesses, the possibility of a view of the scene if relevant, "and all other practical problems that make trial of a case easy, expeditious and

inexistensive." *Stewart*, 865 F.2d at 106, quoting *Gulf Oil. Corp.* Relevant public interest factors are the administrative difficulties of courts with congested dockets; the burden of jury duty on citizens of a community having no connection with the litigation; the desirability of holding a trial near those most affected by it; and the appropriateness of holding a trial in a diversity case in a court which is familiar with the controlling law. *Id.*

Plaintiff NCR is a Maryland corporation whose principal place of business has always been in Dayton, Ohio. Under the *forum non conveniens* doctrine, its choice of forum is entitled to substantial deference, more so because it is an American corporation. *Piper Aircraft, supra; Rustal Trading US, Inc., v. Makki,* 17 Fed. Appx. 331 (6th Cir. 2001).

Defendant Korala Associates LTD offers Scotland as an alternative available forum and points out that it is amenable to process there. NCR admits that Scotland is an available forum in terms of personal jurisdiction of the Defendant, but argues it is a less adequate forum than the Southern District of Ohio because its asserts four of its claims arise under United States copyright law because allegedly infringing activity took place in the United States. Korala counters that the Agreement which forms at least in part the basis of the lawsuit and is attached to the Amended Complaint, was negotiated and performed in Scotland and specifies the law of England and Wales. Korala asserts and NCR does not deny that the Scots forum can provide injunctive and monetary remedies, regardless of the choice of law. The Court concludes that the courts of Scotland are an available and adequate forum.

The public interest factors do not contribute much to the analysis in this case. Neither party offers any data about comparative court congestion. The case is scheduled to be tried to the bench, so no jurors will be inconvenienced regardless of where it is tried. The parties have not briefed the choice of law questions at length, but it appears likely that either a Scots judge will have to apply some American law or an American judge will have to apply some Scots law to the case. Because

United States District Court for the Southern District of Ohio
Western Division at Dayton

the intellectual property involved has worldwide uses, at least potentially, this cannot be called a local controversy.

When the private interest factors are weighed, however, they favor Scotland. Two-thirds of the witnesses identified by NCR in its Fed. R. Civ. P. 26 disclosures are domiciled in Scotland. Several persons whom Korala argues persuasively are important witnesses are not in the United States and have indicated through Korala that they will not voluntarily travel to the United States for testimony. The bulk of the documentary evidence also appears to be in Scotland, although duplicating and transporting documents is obviously not the burden it was when *Gulf Oil* and *Piper* were decided.

Even considering the weight to be given to an American plaintiff's choice of forum, the Court concludes the proper forum for the trial of this case is in Scotland. Defendant's Motion to Dismiss on forum non conveniens grounds is granted.

Given this decision, Defendant's Motion for judgment on the pleadings (Doc. No. 58) is denied as moot.

The Clerk will enter judgment dismissing this case without prejudice.

February 18, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge